IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Knight                          :
                                      :
             v.                       :
                                      :
City of Philadelphia,                 :    No. 74 C.D. 2020
             Appellant                :    Submitted: January 15, 2021


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  March 23, 2021


         The City of Philadelphia (City) appeals from the January 16, 2020 order
(Trial Court Order) of the Court of Common Pleas of Philadelphia County (trial
court) reversing the decision of the City's Bureau of Administrative Adjudication
(Bureau) that denied Kevin Knight's (Knight) request for a hearing to challenge
outstanding parking tickets.  Upon review, we vacate the Trial Court Order.

         Between 1994 and 2010, the City issued 29 separate parking violations
(collectively, the parking tickets)[1] to multiple vehicles registered to Knight.  *See*

_____

        [1] The parking tickets were ticket numbers 396222424, 395717606, 415733518,
443805460, 520986787, 516928116, 446367013, 452106552, 147806816, 147028556,
146818976, 145305521, 145031165, 145162986, 145379253, 141453712, 143784432,
143602174, 141928242, 140611483, 328191598, 318001658, 401851787, 392607461,
389405523, 382917920, 388923013, 388914715, and 547601062.  *See* Bureau Determination
dated June 13, 2019 (Bureau Determination), Reproduced Record (R.R.) at 97a; *see also* R.R. at
14a-96a.

Bureau Determination dated June 13, 2019 (Bureau Determination), Reproduced Record (R.R.) at 97a. Further, from 1994 through 2019, the City issued Knight 76 default and collection notices pertaining to the parking tickets. *See* R.R. at 14a-96a. At no point over the years did Knight either dispute the parking tickets or pay the monies owed. *See id.* Knight's accumulated fines and penalties related to the parking tickets total over $2,200.00.[2] *See* R.R. at 14a-96a & 108a.

On June 13, 2019, Knight requested from the Bureau a hearing to contest the parking tickets. *See* Bureau Determination, R.R. at 97a. The Bureau denied Knight's request for a hearing because the one-year statutory appeal period to contest the parking tickets had expired. *See id.* Knight appealed the Bureau Determination to the trial court, which conducted a hearing on the matter on January 16, 2020. *See* January 16, 2020 Trial Court Hearing Transcript (Hearing Transcript), R.R. at 106a-12a. Following the hearing, the trial court entered the Trial Court Order, which reversed the Bureau Determination and summarily dismissed all of the parking tickets issued more than 10 years before the date of the Trial Court Order. *See* Trial Court Order, City's Br. Exhibit B; *see also* Hearing Transcript at 5, R.R. at 110a. The City appealed to this Court.[3]

The City raises three distinct arguments on appeal. First, the City argues that the trial court erred by dismissing all the parking tickets that were more

---

[2] The City's brief alleges Knight owes the City a combined total of $2,212.00 in unpaid fines and penalties stemming from the parking tickets. *See* City's Br. at 3. At the January 2020 hearing of the matter before the trial court, the City argued the total owed was $2,271.00. *See* January 16, 2020 Trial Court Hearing Transcript (Hearing Transcript) at 3, R.R. at 108a.

[3] Where, as here, a trial court does not take additional evidence, this Court's scope of review "is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence." *Kovler v. Bureau of Admin. Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010) (citing 2 Pa.C.S. § 754(b)).

than 10 years old from the date of the Trial Court Order because Knight is a "chronic parking violator." *See* City's Br. at 2 & 6-8. Next, the City argues that the trial court erred by adjudicating the merits of Knight's parking tickets appeal in violation of Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b). *See* City's Br. at 2 & 8-10. Third, the City claims that the trial court lacked jurisdiction to hear Knight's appeal because Knight failed to exhaust the administrative remedies available to him regarding the parking tickets. *See* City's Br. at 2 & 11-16. We address the City's third claim first, as it is dispositive.

As this Court has explained, "[i]t is well-settled that a party challenging administrative decision-making that has not exhausted its administrative remedies is precluded from obtaining judicial review." *See Redmond v. Bureau of Admin. Adjudication* (Pa. Cmwlth., No. 306 C.D. 2018, filed Sept. 11, 2018),[4] slip op. at 3 (internal quotation marks and brackets omitted). This Court has explained that

> [t]he doctrine of exhaustion prohibits prospective parties to administrative agency actions from bypassing that process and challenging the administrative action directly in the courts. The reasons for requiring exhaustion are that it is more efficient to allow an agency to proceed uninterrupted until its conclusion so that it can find facts, apply its expertise and exercise its discretion. The doctrine also allows agencies the opportunity to correct their own mistakes.

*Gardner v. Dep't of Env't. Res.*, 658 A.2d 440, 445 (Pa. Cmwlth. 1995) (internal citations omitted).

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

The contestation of parking violations in the City follows a two-step administrative process administered by the Bureau. *See* Philadelphia, Pa., Traffic Code (Traffic Code) §§ 12-2807 – 12-2808 (2016). As the first step, a Parking Hearing Examiner adjudicates the parking violation appeal. *See* Traffic Code § 12-2807(1) ("Each adjudication of a parking violation pursuant to this Chapter shall be conducted by a Parking Hearing Examiner.").[5] An appeal to the Parking Appeals Panel by an individual aggrieved by an adverse Parking Hearing Examiner determination is the second step in the parking violation appeals administrative process. *See* Traffic Code § 2808(2).[6] "Only after the Parking Appeals Panel issues its decision can an aggrieved individual file an appeal with the trial court." *Redmond*, slip op. at 5.

This Court discussed the failure to exhaust administrative remedies regarding parking tickets in the City in *Redmond*, where a motorist failed to avail herself of the administrative remedy set forth in the Traffic Code for challenging

---

[5] Failure to appeal a parking violation results in the entry of a default order sustaining the charges of the parking violation, which may be vacated by a Parking Hearing Examiner within one year of entry upon written application setting forth (i) a sufficient defense to the parking violation, and (ii) excusable neglect as to the respondent's failure to timely submit testimony and evidence or attend the hearing. *See* Traffic Code §§ 12-2807(3) & (4).

[6] Traffic Code Section 12-2808(2) provides:

> An appeal from a determination of any Parking Hearing Examiner after adjudication of a plea denying liability, or from a determination denying a motion to reopen any matter, shall be submitted to a Parking Appeals Panel which shall have power to review the facts and the law, and shall have power to affirm the determination or to reverse or modify any determination appealed from for error of fact or law, or to remand for additional proceedings, or, in appropriate cases, to hear the matter de novo.

Traffic Code § 12-2808(2).

4

parking violations. *See Redmond*, slip op. at 5. She never appealed the violations to a Parking Hearing Examiner in the first instance. *See id.* When a Parking Hearing Examiner denied her later request for a hearing, the motorist then failed to appeal that adverse determination to the Parking Appeals Panel, and instead appealed directly to the trial court. *See id.* On these facts, this Court determined that "[the motorist's] failure to exhaust her administrative remedies precluded the trial court from assuming jurisdiction over her appeal." *Id.* Accordingly, this Court ruled that neither the trial court nor this Court had jurisdiction over the motorist's parking violation appeal. *See id.* at 6.

On the issue of the trial court's jurisdiction over Knight's appeal, the instant matter presents facts nearly indistinguishable from those presented in *Redmond*. As in *Redmond*, Knight had an administrative remedy by which he could have challenged the parking tickets – an appeal to a Parking Hearing Examiner – but of which he never availed himself. Thereafter, when the Bureau, through a Parking Hearing Examiner, denied Knight's later request for a hearing on the parking tickets, Knight did not appeal that adverse decision to the Parking Appeals Panel, but instead appealed directly to the trial court. As a result of Knight's failure to exhaust the appropriate administrative remedies, the trial court lacked jurisdiction to review the matter and erred by addressing Knight's appeal. *Redmond*.

For the foregoing reasons,[7] we vacate the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

_____

[7] Because we find the trial court lacked jurisdiction to review this matter and reverse based on Knight's failure to exhaust the appropriate administrative remedies, we need not discuss the City's remaining issues on appeal.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Knight                     :

                             :

        v.                :

                             :

City of Philadelphia,       :    No. 74 C.D. 2020

         Appellant     :

# O R D E R

AND NOW, this 23rd day of March, 2021, the January 16, 2020 order of the Court of Common Pleas of Philadelphia County is VACATED.

_____

CHRISTINE FIZZANO CANNON, Judge